**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAHTHYAH YAHVAH, | NO. CV 17-101-MWF (AGR) |
| Plaintiff, | |
| v. | ORDER OF DISMISSAL |
| COUNTY OF LOS ANGELES, et al., | |
| Defendants. | |

On June 29, 2018, the Court granted the County of Los Angeles' motion to dismiss the complaint with leave to file a First Amended Complaint within 30 days after entry of the order. The Court dismissed the individual defendants in their official capacity as redundant. The Court warned Plaintiff that failure to file a timely First Amended Complaint may result in dismissal of the complaint. (Dkt. No. 39.)

The magistrate judge has since granted extensions of time for Plaintiff to file a First Amended Complaint until September 21, 2018. (Dkt. Nos. 42, 45.)

Plaintiff failed to file a First Amended Complaint or request a further extension of time to do so.

In addition, on March 9, 2018, the magistrate judge issued an Order to

Show Cause why the individual defendants should not be dismissed for failure to serve process. (Dkt. No. 29.) The OSC explained that the court had previously ordered Plaintiff to complete USM-285 forms for each defendant and submit them to the United States Marshal no later than February 17, 2017, and had warned that failure to do so would result in dismissal for failure to prosecute. (Dkt. No. 7.) The court granted extensions of time for Plaintiff to do so. (Dkt. No. 13.) Nevertheless, Plaintiff submitted a USM-285 form only for the County of Los Angeles and failed to submit a USM-285 form for any individual defendant.

The OSC explained that service of process upon an individual defendant in his or her individual capacity is required. When service of process cannot be accomplished due to the *pro se* Plaintiff's failure to submit the required documentation, and the Plaintiff fails to remedy the situation after being put on notice, dismissal without prejudice is appropriate. *Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). The OSC required Plaintiff to show cause on or before March 26, 2018 why the individual defendants in their individual capacity should not be dismissed from this action without prejudice pursuant to Fed. R. Civ. P. 4(m) or for failure to prosecute. The OSC warned that if Plaintiff failed to respond in a timely fashion, the individual defendants may be dismissed without prejudice for failure to serve process under Rule 4(m) or for failure to prosecute. (Dkt. No. 29.)

Plaintiff has failed to respond to the OSC, submit a USM-285 form for the individual defendants, or request an extension of time to do so.

Accordingly, IT IS ORDERED that this action is dismissed against the County of Los Angeles and individual defendants in their official capacity. *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) ("Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than failing to prosecute the claim."). This action is dismissed against the individual defendants in their individual capacity for failure to serve process. Fed. R. Civ. P. 4(m). All pending motions are denied as moot.

**IT IS SO ORDERED.**

DATED: December 21, 2018

_____
MICHAEL W. FITZGERALD
United States District Judge